IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHELLE L. MILLER, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:09-cv-00822 |
| ) | |
| v. ) | Judge Terrence F. McVerry |
| ) | Magistrate Judge Lisa Pupo Lenihan |
| CITIZEN CARE, ) | |
| ) | Doc. No. 13 |
| Defendant ) | |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Motion to Dismiss Plaintiff's Family and Medical Leave Act Claims in her Amended Complaint (Document No. 13) filed by Defendant be granted.

### II. REPORT

In her Amended Complaint, Plaintiff Michelle L. Miller ("Plaintiff") alleges that her former employer, Defendant Citizen Care ("Defendant"), discriminated against her in violation of Title VII of the Civil Rights Act of 1964, and interfered with her rights under the Family and Medical Leave Act ("FMLA").

In response, Defendant has filed the instant Motion to Dismiss Plaintiff's Family and Medical Leave Act Claims in Amended Complaint ("Motion") and corresponding Memorandum of Law in Support. Defendant's Motion does not address Plaintiff's discrimination claims.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

In its Motion, Defendant contends that the Amended Complaint fails to state a claim under the FMLA as it does not demonstrate that Plaintiff was eligible for FMLA benefits, that Defendant deprived her of benefits due her under the FMLA, or that Plaintiff engaged in protected activity

under the FMLA. For the reasons set forth below, the Court finds that the Amended Complaint does not aver sufficient facts as to the FMLA claims to survive a motion to dismiss. Therefore, the Court recommends that Defendant's Motion be granted.

### A.  Motion to Dismiss - Standard of Review

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). A complaint must be dismissed for failure to state a claim if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556 (2007) (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *Ashcroft v. Iqbal*, 129 S.Ct.1937, 1960 (May 18, 2009) (citing *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal* at 1949 (citing *Twombly* at 556). The Supreme Court further explained:

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* (citing *Twombly* at 556-57).

Recently, the court of appeals expounded on this standard in light of its decision in *Phillips v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008) (construing *Twombly* in a civil rights context), and the Supreme Court's recent decision in *Iqbal*.

> After *Iqbal*, it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949. To prevent dismissal, all civil complaints must now set out "sufficient factual matter"

> to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1948. The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible. *See Id.* at 1949-50; *see also Twombly,* 505 U.S. at 555, & n. 3.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). In light of *Iqbal*, the *Fowler* court then set forth a two-prong test to be applied by the district courts in deciding motions to dismiss for failure to state a claim. First, the district court must accept all well-pleaded facts as true and discard any legal conclusions contained in the complaint. *Fowler* at 210-11. Next, the court must consider whether the facts alleged in the Complaint sufficiently demonstrate that the plaintiff has a "plausible claim for relief." *Id.* at 211. To survive a motion to dismiss, a complaint must show an entitlement to relief through its facts. *Id.* (citing *Phillips* at 234-35).

Courts generally consider only the allegations of the complaint, its attached exhibits, and matters of public record in deciding motions to dismiss. *Pension Benefit Guar. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

### B.     Procedural and Factual History

Plaintiff filed a Complaint in the instant action on June 24, 2009. On August 27, 2009, Defendant filed a Motion to Dismiss Plaintiff's Family and Medical Leave Act Claims. Plaintiff then filed an Amended Complaint on September 17, 2009. Defendant filed the instant Motion and Memorandum of Law in Support on October 7, 2009. Plaintiff filed a Response in Opposition to Defendant's Motion to Dismiss on November 16, 2009, and Defendant filed a Reply Brief in Support of Motion to Dismiss on November 20, 2009.

The relevant facts, as stated in Plaintiff's Amended Complaint and viewed in the light most favorable to Plaintiff, are stated as follows. Plaintiff began working for Defendant on May 14, 2007,

3

as a Support Assistant. (Am. Compl. ¶ 5.) At some point in the following month, Plaintiff disclosed to Defendant that she was pregnant. (Am. Compl. ¶ 7.) Upon her inquiry, Plaintiff was informed that employees of one year or more are eligible to receive paid maternity leave; Plaintiff was not notified of the provisions of the FMLA. (Am. Compl. ¶¶ 8-11.)

Plaintiff soon became the victim of scrutiny, harassment, and excessive discipline at work. (Am. Compl. ¶ 12.) On January 7, 2008, Plaintiff experienced labor pains but was told by Supervisor Debbie Kowolsky ("Kowolsky") that she had no sick time and could not leave work. (Am. Compl. ¶¶ 13-15.) Kowolsky then corrected herself, at which time Plaintiff went to the hospital. (Am. Compl. ¶ 17.) Plaintiff returned to work with doctors' notes to justify her absence. (Am. Compl. ¶ 20.) Regardless, Kowolsky, Supervisor Robin Zhong ("Zhong"), and Human Resources representative Grove Deming ("Deming") accused Plaintiff of "no call no shows" for two of those days. (Am. Compl. ¶ 21.) Plaintiff was consequently suspended for two weeks without pay. (Am. Compl. ¶ 24.) Ultimately, Deming admitted that Plaintiff's two "call offs" were valid and that the suspension would be removed from her record. (Am. Compl. ¶ 26.)

Upon her return to work, Plaintiff complained to Deming and Kowolsky that she believed that she was the object of discrimination because of her pregnancy. (Am. Compl. ¶ 28.) Immediately thereafter, Plaintiff received a negative performance evaluation from Kowolsky. (Am. Compl. ¶ 29.)

Plaintiff was also assigned excessive manual labor by Defendant, prompting her to request that her doctor provide Defendant with documentation that Plaintiff's pregnancy was "high risk." (Am. Compl. ¶¶ 30-31.) While the note asked that Plaintiff be given less physical and strenuous tasks, the request was not honored. (Am. Compl. ¶ 32.)

4

Plaintiff took her pregnancy leave beginning on February 15, 2008, and had her child on March 8, 2008. (Am. Compl. ¶¶ 35-36.) In early May 2008, Plaintiff succumbed to pressure from Kowalsky and returned to work early. (Am. Compl. ¶¶ 37-38.) On May 13, 2008, however, Plaintiff had to take her child to the hospital and notified Defendant that she could not report to work. (Am. Compl. ¶ 39.) Over the phone, Plaintiff answered "all of Kowalsky's private questions regarding her daughter's medical issue." (Am. Compl. ¶ 43.) On the following day, May 14, 2008, Kowolsky would not allow Plaintiff to work and instructed her to see Deming. (Am. Compl. ¶ 44.) Although Plaintiff provided Deming with a medical excuse and hospital discharge papers, he asserted that it was her fifth improper "call off." (Am. Compl. ¶¶ 45-46.) On the following day, May 15, 2008, Deming terminated Plaintiff on the grounds that she failed to follow Defendant's attendance policy. (Am. Compl. ¶ 49.)

Ultimately, Plaintiff's Complaint alleges that Defendant discriminated against her on the basis of her being pregnant, and asserts an FMLA interference claim. (Am. Compl. ¶ 50.)[1] In her claim for relief, Plaintiff requests "all available relief for a willful and malicious violation of Title VII" and of the FMLA. (Am. Compl. ¶¶ 67, 69).

**C.     Analysis**

Federal Rule of Civil Procedure 8(a) provides that a complaint shall contain:

(1)   a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it,
(2)   a short and plain statement of the claim showing that the pleader is entitled to relief, and

---

[1] Defendant's Motion asserts that Plaintiff also alleges a claim for retaliation under the FMLA. It is not entirely clear from the Amended Complaint whether this claim is actually averred. However, the Court will address this later in its Report.

(3)     a demand for judgment for the relief the pleader seeks.

With regard to Rule 8(a)(2), a complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests . . . .'" *Twombly* at 554 (quoting *Conley* at 47).

With this precept in mind, the Court will address *seriatim* the claims that Defendants argue should be dismissed.

### 1.     **FMLA Interference Claim**

The FMLA makes it unlawful for "any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise" rights afforded by the Act. 29 U.S.C. § 2615(a)(1). One of those rights is the entitlement of an "eligible employee" to 12 weeks of leave "[b]ecause of the birth of a son or daughter . . . ." 29 U.S.C. § 2612(a)(1)(A). An "eligible employee" is one who has been employed "for at least 12 months by the employer" and has worked at least 1,250 hours in the previous 12 months. 29 U.S.C. § 2611. Whether an individual has been employed for at least 12 months must be determined "as of the date the FMLA leave is to start." 29 C.F.R. § 825.110(d). FMLA leave may be taken intermittently, either when "medically necessary" or when agreed upon by the employer and employee, depending on the type of leave. 29 U.S.C. § 2612(b)(1). To support a claim of interference of rights under the FMLA, the plaintiff must demonstrate that he was entitled to the benefits and that his employer "illegitimately prevented him from obtaining those benefits." *Sarnowski v. Air Brooke Limousine, Inc.*, 510 F.3d 398, 401 (3d Cir. 2007).

In this instance, Plaintiff would be eligible for leave under the FMLA on the date that she was employed by Defendant for at least one year (May 14, 2008) provided she had worked at least 1,250 hours during that previous 12 months. [2]

Defendant first argues that Plaintiff's claim of interference with her FMLA benefits should be dismissed because Plaintiff was not an "eligible employee" under the FMLA and, therefore, was not entitled to the benefits provided thereunder.

Defendant asserts that Plaintiff was not an "eligible employee" because she had not been employed for one year at the time that her maternity leave began, and therefore never acquired rights under the FMLA. Defendant points out that Plaintiff's employment had commenced on May 14, 2007, and that "her final improper call-off occurred on May 13, 2008, prior to her eligibility for rights under the FMLA."

Plaintiff does not dispute the fact that her first day of employment was May 14, 2007 and that she called off work on May 13, 2008. She makes conclusory statements that she was eligible for rights pursuant to the FMLA and further argues that Defendant committed a per se violation of the FMLA by failing to post notice of the Act, citing Section 2619 of the FMLA, which provides:

> (a) . . . Each employer shall post and keep posted, in conspicuous places on the premises of the employer where notices to employees and applicants for employment are customarily posted, a notice, . . . setting forth excerpts from, or summaries of, the pertinent provisions of this title and information pertaining to the filing of a charge.
> (b) . . . Any employer that willfully violates this section may be assessed a civil money penalty not to exceed $ 100 for each separate offense.

29 U.S.C. § 2619.

---

[2] No one addresses the number of hours worked by the plaintiff. Given that she took maternity leave during the time of her employment, it is possible that she did not meet the hourly requirement but the Court has no way of knowing this.

Defendant's Motion should be granted, as Plaintiff does not provide a plausible basis for relief on her FMLA interference claim. First, Plaintiff does not assert that Defendant interfered with any intent or need to take FMLA leave. While Plaintiff became eligible on May 14, 2008, for benefits under the FMLA, the transgression for which Plaintiff was terminated occurred one day earlier[3]. Plaintiff does not allege that, upon her one-year anniversary with Defendant, she would have taken advantage of the FMLA had Defendant not interfered. Therefore, Plaintiff has not established that Defendant interfered with her rights under the FMLA.

Second, Plaintiff does not present any argument that the statute creates a private cause of action for an employer's failure to post information on the FMLA.[4] Again, as Plaintiff was not entitled to FMLA benefits at the time of her transgression, and does not provide a plausible claim for relief, Defendant's Motion should be granted.

Defendant's second argument is that Plaintiff cannot assert a claim for FMLA interference since she did not formally request that leave. As we have concluded that Plaintiff was not entitled to take advantage of FMLA benefits, it is not necessary to address this argument.

### 2.   **FMLA Retaliation Claim**

A plaintiff states a valid cause of action for retaliation where he asserts that: (1) he is protected under the FMLA; (2) he suffered an "adverse employment action, and (3) the adverse

---

[3]It is coincidental, at best, that Defendant decided to terminate Plaintiff one day after she became eligible for FMLA leave. The Court hopes that this was not the motivation for the termination.

[4]While Defendant asserts that "it is well settled" that there exists no private right of action stemming from an employer's failure to post, this Court does not consider it so since the issue has not been addressed by either the United States Supreme Court or the Third Circuit. The Second, Fifth, and Tenth Circuits have, however, reached that conclusion.

8

action was causally related to the plaintiff's exercise of his or her FMLA rights." *Erdman v. Nationwide Ins. Co.*, 582 F.3d 500, 508 (citations omitted). Thus, an employer's firing an employee upon the employee's request for FMLA leave may constitute retaliation. *Id.* at 509.

Defendant asks that Plaintiff's claim of retaliation under the FMLA be dismissed. It argues again that Plaintiff was not an eligible employee under the FMLA and that she did not allege facts that demonstrate that she engaged in protected activity under the FMLA.

While Plaintiff's Amended Complaint does allege retaliation, it appears that that retaliation is related not to the FMLA but to Plaintiff's discrimination claims. The issue is not entirely clear, though, since Plaintiff's Amended Complaint does not set out the separate counts that she is raising. The Amended Complaint's references to retaliation are as follows:

> 2. Plaintiff complains about Pregnancy Discrimination, Retaliation for engaging in protecting [sic] activity, complaining about discrimination, and of intentional interference with her rights pursuant to the Family Medical [sic] Leave Act.
> . . .
> 28. Plaintiff engaged in protected activity and . . . believed she was a victim of pregnancy discrimination.
> 29. Plaintiff returned to work and immediately received a retaliatory negative performance evaluation from Kowolsky.
> 30. Kowolsky also retaliated against Plaintiff by escalating the harassment of Plaintiff with negative comments about her pregnant condition . . . .
> . . .
> 37. In May 2008, Kowolsky again retaliated against Plaintiff and harassed her while on leave by insisting that Plaintiff return to work . . . .
> . . .
> 50. Failure to follow the attendance policy is a baseless pretext for pregnancy discrimination, retaliation and intentional interference with rights pursuant to the Family Medical [sic] Leave Act.
> . . .
> 59. Due to uncorrected pregnancy discrimination, retaliation for complaining of unlawful discrimination and her denial of required information regarding the Family Medical [sic] leave [sic] Act, Plaintiff suffered . . . .

9

Given the contents of the Amended Complaint, it does not appear that Plaintiff asserts that Defendant retaliated against her in the face of her intention to take FMLA leave. Further, Plaintiff's Response to Defendant's Motion fails to refer to retaliation in light of the FMLA. Rather, it notes that Plaintiff's Amended Complaint includes "claims pursuant to Title VII of the Civil Rights Act of 1964 and the Family Medical Leave Act (FMLA) with Plaintiff explicitly complaining if [sic] intentional interference with her rights pursuant to the Family Medical Leave Act." (Response ¶ 1.)

Regardless, given our ruling that Plaintiff was not entitled to the benefits offered by the FMLA, she cannot satisfy the first element of a retaliation claim. Therefore, Defendant's Motion as to this count should be granted to the extent that Plaintiff is asserting a retaliation claim under the FMLA.

### III. CONCLUSION

For the reasons set forth above, it is respectfully recommended that Defendant's Motion be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules of Court, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Dated: November 25, 2009

By the Court:

LISA PUPO LENIHAN
U.S. MAGISTRATE JUDGE

cc: Counsel of record